```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
                                 :
IN RE:                           :
                                 : MEMORANDUM AND ORDER
    KEVIN THOMAS WATKINS         :
    a/k/a RONIN AMANO,           : Civil Action No.
                                 : 06-CV-1341 (DGT)
            Debtor.              :
                                 :
---------------------------------X
```

TRAGER, District Judge:

Bankruptcy debtor Kevin Thomas Watkins, also known as Ronin Amano, (the "debtor"), appeals two orders of the United States Bankruptcy Court dated January 11, 2006. The first order (the "Automatic Stay Order") lifted an automatic stay pursuant to 11 U.S.C. § 362(d), permitting the debtor's landlords, Joseph and Charles Alpert, (the "creditors"), to enforce their rights to evict the debtor from his current apartment. The second order (the "Dismissal Order") dismissed with prejudice the debtor's petition for relief under the provisions of Chapter 13 of Title 11 of the United States Bankruptcy Code. For the reasons stated below, both appeals are denied.

**Background**

The debtor was previously a tenant in an apartment owned by the creditors, located at 95 Eastern Parkway, Brooklyn, New York. Alpert v. Watkins, No. L&T 065414/03, slip op. at 2 (N.Y. Civ. Ct., Dec. 8, 2003) (Silber, J.). In March 2003, the creditors

commenced a summary proceeding against the debtor in New York State Civil Court, Kings County, based on the debtor's alleged failure to pay rent. See id. On March 9, 2004, the state court directed that a Warrant of Eviction be issued. See id.

On March 11, 2004, before the Warrant of Eviction was executed, the debtor filed a voluntary petition for relief under the provisions of Chapter 7 of Title 11 of the United States Bankruptcy Code, 11 U.S.C. § 701 et seq. Br. of Creditors, at 2. On December 29, 2004, the bankruptcy court granted the creditors' motion to lift the automatic stay pursuant to 11 U.S.C. § 362(d) in order to allow the eviction proceedings to move forward.[1] Id. at 2-3.

In response, on March 31, 2005, the debtor filed a voluntary petition for relief under the provisions of Chapter 13 of Title 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 1301-1330, and another automatic stay went into effect. Br. of Creditors, at 3; February 9, 2006 Affirmation in Support of Order to Show Cause, ("Aff. of Debtor"), at 1.[2] On April 15, 2005, the debtor

---

[1] That Order was subsequently affirmed both by the District Court for the Eastern District of New York, In re Watkins, No. 05-CV-790, 05-CV-344 (E.D.N.Y. Aug. 23, 2005) (order affirming the lifting of the automatic stay), and by the Court of Appeals for the Second Circuit, Watkins v. Alpert, 180 Fed. Appx. 295, 295-96 (2d Cir. 2006) (order affirming the lifting of the automatic stay).

[2] The debtor incorporated his February 9, 2006 Affirmation in Support of Order to Show Cause into his May 1, 2006 Brief ("Br. of Debtor").

filed a Chapter 13 plan.  Br. of Creditors, at 3.  On July 22, 2005, in order to move forward with the state-court eviction proceedings, the creditors again moved to lift the automatic stay pursuant to 11 U.S.C. § 362(d) or, in the alternative, to dismiss the Chapter 13 case pursuant to 11 U.S.C. § 1307.  Id.

On December 14, 2005, after numerous adjournments to allow the debtor to amend his Chapter 13 plan,[3] the bankruptcy court held a confirmation hearing on the debtor's Chapter 13 plan and a hearing on the creditors' motion to lift the automatic stay. Br. of Creditors, at 4.  At that hearing, the creditors alleged that the debtor was not current on either his post-petition rental payments or on his Chapter 13 plan payments, both of which are prerequisites to confirmation.[4]  Id. at 5.  However, the debtor claimed that he was "current" on his post-petition rent and that he had made plan payments to the trustee.  Aff. of Debtor, at 3.  The debtor further argued that while he still owed significant debts, including pre-petition rent arrears, he had recently become employed and would be able to make future rental and plan payments.  Id. at 1, 3.  Thus, the debtor argued that the bankruptcy court should allow him another opportunity to

---

[3] The debtor filed three amendments to his Chapter 13 plan on October 18, 2005, November 16, 2005 and January 9, 2006.  Br. of Creditors, at 4.  Br. of Creditors, at 4.

[4] While the creditors conceded that the debtor had paid the trustee $5,832.77, the creditors maintained that the debtor still owed $5,008.41 in post-petition rent.  Br. of Creditors, at 5.

submit a new Chapter 13 plan that reflects his increased income. Id. However, the bankruptcy court explicitly found that the debtor was not current on his post-petition rent payments and that the debtor had failed to provide the requisite proof of his employment in a timely manner. Dec. 14, 2005 Hr'g (available on audiotape only).

On January 11, 2005, the bankruptcy court granted the creditors' motion to lift the automatic stay and to dismiss the Chapter 13 case.[5]  Aff. of Debtor, at 2; Br. of Creditors, at 5.

---

[5] On February 2, 2006, the bankruptcy court issued an order for the disbursement of $5,832.27 in possession of the Chapter 13 trustee at the time the case was dismissed. In re Watkins, No. 05-14667 (Bankr. E.D.N.Y. Feb. 6, 2006) (Decision and Order on Application for Disbursement of Funds in Possession of the Chapter 13 Trustee Upon Dismissal of the Case) ("Disbursement Order"), at 2.  In that Order, the bankruptcy court found that $3,007.20 of those funds represented post-petition rental payments, which should be disbursed to the landlord. Id. However, the bankruptcy court was unable to determine on the record before it the precise source or proper allocation of the remaining funds in the trustee's possession.  Section 1326(a)(2) of the Bankruptcy Code mandates that, if a plan is not confirmed, any funds in the trustee's possession should be returned to the debtor.  See 11 U.S.C. § 1326(a)(2). The bankruptcy court held that under § 1326(a)(2), in order to direct the trustee to disburse the disputed funds to someone other than the debtor, "the [c]ourt must find that the debtor was not the source for those funds and that the payments were not plan payments of the debtor." Disbursement Order, at 3.  Because the bankruptcy court found there to be insufficient evidence to establish that the debtor was not the source of the funds in the trustee's possession, the balance of the funds were disbursed to the debtor pursuant to § 1326(a)(2). Id. at 3-4.  Although not discussed in the Disbursement Order, it appears that after the funds have been returned to the debtor, the creditors, who are no longer constrained by the automatic stay, would be able to recoup any remaining rent arrears in the appropriate state venue, should they choose to do so.

4

On January 20, 2006, the debtor requested that the bankruptcy court stay its order lifting the automatic stay and dismissing the Chapter 13 case pending appeal to the district court. Br. of Creditors, at 5; Aff. of Debtor, at 2.

On February 6, 2006, the bankruptcy court denied the debtor's motion for a stay pending appeal. In re Watkins, No. 05-14667 (Bankr. E.D.N.Y. Feb. 6, 2006) (Decision and Order on Application to Show Cause) ("Appeal Stay Order"). Subsequently, the debtor moved that the district court stay pending appeal the ankruptcy court's order lifting the automatic stay and dismissing the Chapter 13 case. The district court denied that motion. In re Watkins, 05-CV-597 (E.D.N.Y. Mar. 28, 2006) (Memorandum and Order denying a Stay Pending Appeal), at 1. The debtor now appeals the order of the bankruptcy court lifting the automatic stay and dismissing the Chapter 13 case with prejudice.[6]

**Discussion**

**(1)**

**Jurisdiction**

The Court has jurisdiction to hear this appeal pursuant to

---

[6] It should be noted that, contrary to the requirements of Rule 8006 of the Federal Rules of Bankruptcy Procedure, the debtor failed to provide any of the items he designated to be included with his appeal to this Court, including a record of the December 14, 2005 and January 11, 2006 hearings.

28 U.S.C. 1 § 58(a).

## (2)

### Standard of Review

A bankruptcy court's decision to lift an automatic stay pursuant to 11 U.S.C. § 362(d) is discretionary; a district court may only overturn the decision for abuse of discretion. See In re Bogdanovich, No. 00-CV-2266, 2000 WL 1708163, at *4 (S.D.N.Y. Nov. 14, 2000) (citing In re Boodrow, 126 F.3d 43, 47 (2d Cir. 1997)). Similarly, in reviewing a bankruptcy court's order of dismissal, the district court must apply an abuse of discretion standard. See e.g., In re Crysen/Montenay Energy Co., 166 B.R. 546, 549 (S.D.N.Y. 1994) (citing Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982). A bankruptcy court abuses its discretion when it bases its decision on an erroneous view of the law or clearly erroneous factual findings. Sears, Roebuck, and Co. v. Spivey, 265 B.R. 357, 364 (E.D.N.Y. 2001) (citing Cooter & Gell v. Hartmax Corp., 496 U.S. 384 (1990). Findings of fact may be considered clearly erroneous only if the reviewer is left with a "definite and firm conviction that a mistake has been committed." Anderson v. Bessemer City, 470 U.S. 564, 573 (1985). A bankruptcy court also abuses its discretion if it commits a clear error of judgment. See id.

**(3)**

**Lifting the Automatic Stay**

**a. The debtor's appeal of the lifting of the automatic stay is moot**

The debtor first appeals the bankruptcy court's decision to lift the automatic stay. It is well-established that an appeal is rendered moot if the appellate court is unable to grant any effective relief. See In re Baker, 339 B.R. 298, at 302 (E.D.N.Y. 2005). Based on the arguments made in the debtor's brief, it is clear that the primary, if not only reason that the debtor contested the lifting of the automatic stay was to delay or stop the state-court eviction proceedings. See Aff. of Debtor, at 3. However, it is undisputed that the debtor no longer resides at 95 Eastern Parkway, Brooklyn, NY because he was evicted on February 14, 2006. Br. of Creditors, at 1; Br. of Debtor, at 1. Given that the stay has already been lifted and the debtor has already been evicted, the debtor's appeal of the Automatic Stay Order appears to be moot.

Courts have dismissed as moot appeals of orders lifting the automatic stay where the property that was previously subject to the stay has already been sold pursuant to the bankruptcy court's order. See In re Gucci, 105 F.3d 837, 839-40 (2d Cir. 1997) (reconfirming that the debtor's motion for a stay pending appeal is moot because the debtor's trademark and licensing rights had

already been sold at an auction); In re Baker, 339 B.R. at 302-304 (citing In re Gucci) (dismissing as moot the debtor's appeal of a bankruptcy court order auctioning the debtor's real property because the property had already been sold pursuant to the bankruptcy court's order). As the Bankruptcy Code affords owners more latitude to protect their property interests than those who merely lease, see, e.g., 11 U.S.C. § 362(d)(2) (allowing the debtor to avoid the lifting of the automatic stay only if the debtor has equity in the property), the courts' reasoning in these sale of property cases applies with even more force to the facts here.

In this case, the debtor started out with even less of an ownership interest in his former apartment than the debtors had in their property in Gucci and Baker. Furthermore, the debtor lost any interest he had in the leased premises when he was lawfully evicted. Therefore, just as in Gucci and Baker, the debtor's property interest that was previously subject of the stay no longer exists. Therefore, the debtor's appeal of the Order lifting the automatic stay is moot.

**b. The bankruptcy court properly lifted the automatic stay**

Assuming arguendo that the issues are not moot, the filing of a bankruptcy petition under Chapter 13 automatically stays creditors from taking further action against a debtor, including

8

state-court eviction proceedings.  See 11 U.S.C. § 362.  A bankruptcy court may, however, grant relief from the stay on the request of a "party in interest."  11 U.S.C. § 362(d).  The relief granted may include "terminating, annulling, modifying or conditioning such stay[.]"  Id.

The creditors filed for relief under § 362(d)(1), which allows the bankruptcy court to lift a stay "for cause, including lack of adequate protection of an interest in property[.]"  Id.  The creditors contend that because the debtor failed to pay post-petition rent, and apparently lacked the funds to do so in the future, there was inadequate protection for their interest in the premises, which constitutes "cause" under § 362(d)(1) of the Bankruptcy Code.

A district court may only overturn a decision of the bankruptcy court to lift an automatic stay if the district court determines that the bankruptcy court has abused its discretion.  See In re Bogdanovich, 2000 WL 1708163, at *4.  In examining the creditors' motion to lift the automatic stay, the bankruptcy court properly applied the test articulated by the Second Circuit Court of Appeals in In re Sonnax Industries, 907 F.2d 1280 (2d Cir. 1990).[7]  In Sonnax, the Second Circuit provided a non-

---

[7] The bankruptcy court's January 11, 2006 Automatic Stay Order is brief and does not expand upon the reasons underlying its decision to lift the automatic stay.  However, when denying a stay pending appeal in its February 6, 2006 Decision and Order on Application to Show Cause, the bankruptcy court considered the

9

exclusive list of factors that may be relevant in determining whether an automatic stay should be lifted for "cause" under § 362(d)(1). These factors include: (i) whether relief would result in a resolution of the issues; (ii) whether a special tribunal with the necessary expertise has been established to hear the cause of action; (iii) judicial economy; (iv) whether relief would result in a partial or complete resolution of the proceeding; (v) the lack of interference with the bankruptcy case; (vi) whether litigation in another forum would prejudice the interests of other creditors; (vii) whether litigation is already pending; (viii) bad faith; and (ix) the impact of the stay on the parties and the balance of the harm. Id. at 1286.

Considering the Sonnax factors, it cannot be said that the bankruptcy court's decision to lift the automatic stay was an abuse of its discretion. It is well-established that the continuation of a pre-petition eviction proceeding usually will not interfere with the bankruptcy case. See In re Touloumis, 170 B.R. 825, 828 (Bankr. S.D.N.Y. 1994) (granting a landlord relief from the automatic stay because the eviction of the debtor-tenant will have no discernable impact on the debtor's bankruptcy case).

---

same exact facts as it considered when deciding the Automatic Stay Order, and applied the Sonnax factors to those facts. Therefore, this Court will incorporate the bankruptcy court's reasoning from its February 6, 2006 Decision and Order on Application to Show Cause in to its Automatic Stay Order, and will review that decision for abuse of discretion.

10

In addition, the bankruptcy court correctly noted that the failure of a tenant to make post-petition mortgage payments and to comply with rental obligations constitutes cause to lift the automatic stay under § 362(d)(1).  See Appeal Stay Order, at 4 (citing In re Musikahn Corp., 57 B.R. 942 (Bankr. E.D.N.Y. 1986); In re James, 198 B.R. 885, 890 (Bankr. W.D.Pa. 1996)).  In this case, the bankruptcy court found that the debtor's failure to pay post-petition rent economically harmed the creditors because they incurred maintenance costs and paid real estate taxes on the property.  Appeal Stay Order, at 4.  Finally, the timing of the filing of the Chapter 13 petition suggests that, after losing the motion to lift the stay in the previous Chapter 7 case, the Chapter 13 petition was filed merely to delay the debtor's legitimate eviction proceeding.  This timing factor would appear to constitute bad faith; it suggests that the debtor intended to use the automatic stay to hinder or delay his landlord's legitimate eviction efforts.[8]

Therefore, because the bankruptcy court applied the law correctly and made no clearly erroneous factual findings, it did not abuse its discretion by lifting the automatic stay.

---

[8] In fact, it is well-established that filing a bankruptcy petition on the eve of foreclosure (or eviction) solely to obtain an automatic stay constitutes "bad faith" and "cause" to dismiss a Chapter 13 case.  See In re Plagakis, No. 03-CV-0728 2004 WL 203090 (E.D.N.Y. Jan. 27, 2004) (affirming dismissal debtor's Chapter 13 case on "bad faith" grounds").

**(4)**

**Dismissal of the Chapter 13 Case**

**a. The bankruptcy court properly dismissed the Chapter 13 case for "cause"**

The debtor further contends that the bankruptcy court improperly dismissed his Chapter 13 case under 11 U.S.C. § 1307. Aff. of Debtor, at 3. A district court may only overturn a bankruptcy court's decision to dismiss a case only if the district court determines that the bankruptcy court has abused its discretion. See In re Crysen/Montenay Energy Co., 166 B.R. at 549.

Pursuant to 11 U.S.C. § 1307(c), on request of a "party in interest," a bankruptcy court may dismiss a Chapter 13 case "for cause." In re Plagakis, No. 03-CV-0728, 2004 WL 203090, at *4 (E.D.N.Y. Jan. 27, 2004). Section 1307(c) provides a non-exhaustive list of "causes" that constitute grounds for dismissal. See 11 U.S.C. § 1307(c). Under § 1307(c)(5), a court may dismiss a Chapter 13 case upon "denial of confirmation of a plan under section 1325" of the Bankruptcy Code. Id. In this case, the bankruptcy court found that, after numerous adjournments, the "case is not ready for confirmation." Dismissal Order, at 1. Given the debtor's inability to propose a satisfactory plan after three opportunities for amendments, it cannot be said that the bankruptcy court abused its discretion in

dismissing the Chapter 13 case.

## b. The bankruptcy court properly dismissed the Chapter 13 case with prejudice

Finally, the debtor argues that the bankruptcy court improperly dismissed his Chapter 13 case with prejudice and prohibited the debtor from filing another bankruptcy petition within 180 days of that order. Under 11 U.S.C. § 109(g), a debtor may be prohibited from filing a petition for 180 days if "the case was dismissed by the court for willful failure of the debtor to abide by orders of the court." 11 U.S.C. § 109(g).

The bankruptcy court properly applied § 109(g) when it found that there were adequate grounds to preclude the debtor from re-filing a bankruptcy petition for 180 days. Specifically, the bankruptcy court found that the debtor's actions constituted a "willful failure of the debtor to abide by orders of the court." See 11 U.S.C. § 109(g). First, on numerous occasions to file amendments, the debtor failed to abide by the bankruptcy court's orders to file a satisfactory petition. See Dismissal Order, at 1. Second, the debtor failed to abide by the bankruptcy court's repeated Orders to make adequate post-petition rental payments and Chapter 13 plan payments. See In re Huerta, 137 B.R. 356, 378 (Bankr. C.D.Cal. 1992) (noting that failure to remain "current" on post-petition obligations may be considered evidence of willful failure to abide by court orders). Although

the debtor did make some payments to the Chapter 13 trustee, those payments were insufficient to comply with the bankruptcy court's orders. Under these facts, the bankruptcy court properly applied § 109(g) by prohibiting a subsequent bankruptcy filing for 180 days.

## Conclusion

Accordingly, the bankruptcy court's Orders lifting the automatic stay and dismissing the Chapter 13 case with prejudice are affirmed in their entirety.

Dated:    Brooklyn, New York
          February 16, 2007

                                    SO ORDERED:


                                    _____/s/_____
                                    David G. Trager
                                    United States District Judge